Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 6, 2009, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of nine months, reversed, as a matter of discretion in the interest of justice, and the matter remanded for further proceedings.
The evidence in this case met all the conditions for instructing the jury on the drug factory presumption (Penal Law § 220.25 [2]). Although stored in containers filled with rice to prevent deterioration due to moisture, the 95 glassines of cocaine and heroin were clearly visible, and were thus in open view. Defendant was observed in close proximity to the drugs and all of the circumstances evinced the presence of a drug operation preparing drugs for sale.
However, defendant argues that even if the instruction was *548 proper with regard to the charge of third-degree possession, which in this case required intent to sell, the jury should have been instructed that the presumption did not apply to the charge of seventh-degree possession, which requires only simple possession. Defendant argues that the presumption was only intended to apply to possession charges containing a weight or intent element, not simple possession charges.
The issue was highlighted by the jury’s inquiry whether the “definition of room presumption and constructive possession” applied “equally to the charges of possession in the third degree and the seventh degree.” The court answered that question in the affirmative, without objection by defense counsel. Thus, defendant’s current argument is unpreserved.
Nevertheless, we reach the question in the interest of justice in order to clarify the scope of the drug factory presumption. The underlying purpose of the drug factory presumption is to hold criminally responsible those participants in a drug operation who may not be observed in actual physical possession of drugs at the moment the police arrive (see Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.25; People v Tejada, 183 AD2d 500, 502 [1992], affd 81 NY2d 861 [1993]). We note that defendant was acquitted of the third degree possession counts. We do not believe that the drug factory presumption was intended to apply to seventh-degree possession, because implicit in the idea of a drug factory is that drugs are being prepared for sale. Therefore it should only apply to crimes requiring intent to sell, or crimes involving amounts of drugs greater than what is required for misdemeanor possession (see generally McKinney’s Cons Laws of NY, Book 1, Statutes § 111).
However, even without the presumption, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bundy, 90 NY2d 918, 920 [1997]). Therefore, the appropriate remedy is a new trial. Concur — Gonzalez, P.J., Acosta and Renwick, JJ.